LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04484 GAF (MANx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Jose Armando Herrera v. The Millard Groupm Inc, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**   **(In Chambers)**

### ORDER TO SHOW CAUSE RE: REMOVAL

On August 19, 2011, Plaintiff Jose Armando Herrera brought this action against his former employers, Defendants The Millard Group, Inc. ("Millard Group"), Millard Mall Services, Inc. ("Millard Mall"), and Naki Cleaning Services, LLC ("Naki") in Los Angeles County Superior Court, asserting claims for violations of the California Labor Code. (Docket No. 1, Not., Ex. A [Compl.] ¶¶ 1–4, 16, 21, 30, 37.) On May 9, 2012, Plaintiff dismissed Defendant Millard Group from the action. (Id. ¶ 8.)

Defendants Millard Mall and Naki removed the action to this Court on May 23, 2012 on the purported basis of diversity of citizenship, 28 U.S.C. § 1332(a). (Id. ¶ 1.) However, as set forth below, the Court cannot presently determine the citizenship of all parties. Accordingly, Defendants are **ORDERED to show cause** why the Court should not remand this action for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell &

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04484 GAF (MANx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Jose Armando Herrera v. The Millard Groupm Inc, et al. | | |

Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Although Defendants adequately allege the citizenship of Plaintiff and Defendant Millard Mall, they do not adequately allege the citizenship of Defendant Naki. Defendants only allege the State in which Defendant Naki is organized and has its principal place of business. (Not. ¶¶ 23–26.) Defendants fail to allege the citizenship of all owners and/or members of Defendant Naki. Accordingly, the Court is unable to conclude that complete diversity exists in this case.

Accordingly, Defendants are hereby **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Friday, June 29, 2012**, as to why the Court should not remand this action for lack of subject matter jurisdiction. Failure to respond by this time will be **deemed consent to remand of this action**.

**IT IS SO ORDERED.**